UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BOBBY L. COATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:23-CV-136-TAV-CRW |
| | ) | |
| OAKWORTH CAPITAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff filed the complaint in this action on October 11, 2023 [Doc. 1]. Defendant has filed no responsive pleadings to date, and the record contains no evidence that defendant has ever been served. On April 16, 2024, the Court ordered plaintiff to provide evidence that he has served defendant with process in compliance with Rule 4 of the Federal Rules of Civil Procedure within seven days or otherwise show good cause why service has not been made [Doc. 9]. In that order, the Court cautioned plaintiff that failure to respond to the show-cause order would be grounds for the Court to dismiss this case without further notice. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

More than seven days have passed, and plaintiff has failed to respond to the Court's show-cause order or otherwise take any action in this case. The Court finds that plaintiff's failure to respond is due to willfulness, bad faith, or fault; that plaintiff was warned that failure to respond would lead to dismissal; and that the Court considered less drastic sanctions but found that they would be ineffective under these circumstances. *See*

*Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (citation omitted). This case is thus **DISMISSED with prejudice** for failure to prosecute and for failure to follow the Court's orders. *See* Fed. R. Civ. P. 41(b); *Fuller*, 468 F. App'x at 588 ("District courts are empowered to dismiss actions when a litigant fails to comply with a court order, or fails to prosecute a case."). The Clerk of Court is **DIRECTED** to close this case.

    IT IS SO ORDERED.

                          s/ Thomas A. Varlan
                          UNITED STATES DISTRICT JUDGE